IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KNECOS LAGREGORY DYE, #365127, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:22-cv-00860 ) |
| SHAWN BRIGGS, Executive Director of Vanderbilt Hospital, et al., | ) JUDGE RICHARDSON ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Knecos Dye, an inmate of the Davidson County Detention Center in Nashville, Tennessee, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No 2.)

The case is before the Court for ruling on Plaintiff's IFP application and initial review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### I. APPLICATION TO PROCEED IFP

A prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). 28 U.S.C. § 1915(a). Because it appears from Plaintiff's submission that he lacks sufficient financial resources to pay the full filing fee in advance, his application to proceed IFP in this matter (Doc. No. 2) is **GRANTED** and a $350 filing fee[1] is

---

[1] While prisoners who are not granted pauper status must pay a total fee of $402—a civil filing fee of $350 plus a civil administrative fee of $52—prisoners who are granted pauper status are only liable for the $350 civil filing fee. *See* 28 U.S.C. § 1914(a)–(b) and attached District Court Miscellaneous Fee Schedule, provision 14 (eff. Dec. 1, 2020).

**ASSESSED**.

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW OF THE COMPLAINT

A. LEGAL STANDARD

The Court is required to screen the Complaint in order to determine whether its claims are cognizable, or whether it (or any portion of it) must be dismissed because it is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see id.* § 1915A(b), 42 U.S.C. § 1997e(c).

The review for whether the Complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). This review assumes only that the *facts* alleged in the Complaint are true; allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement'" are not accepted as true. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). In any case, pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

B. ALLEGATIONS AND CLAIMS

Plaintiff sues the executive director of Vanderbilt Hospital and the "head surgeon" who sedated Plaintiff and operated on him after he sustained a gunshot wound to the pelvic area on November 7, 2021, without informing him of the nature of the operation. (Doc. No. 1 at 2, 12–13.) He claims that a metal rod was implanted in his right hip and femur without his consent, and that as a result of medical "malpractice and/or gross negligence" during the surgery, the rod is "displaced and/or excessively long," resulting in continuous pain in the area, a limp and imbalance requiring use of a walker, and the inability to stand for long periods. (*Id.* at 5, 13–14, 16.) This

defect in the placement of the rod was revealed by x-rays taken in response to Plaintiff's pain complaints after he was jailed in Davidson County, in July 2022. (*Id.* at 14.) Plaintiff claims that Defendants' infliction of these harms amounts to a violation of his rights under the First, Fifth, Eighth, and Fourteenth Amendments, as well as a violation of the Hippocratic Oath and a dereliction of duty. (*Id.* at 3, 14–15.)

C. ANALYSIS

Plaintiff sues under 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). To state a cognizable Section 1983 claim, Plaintiff must allege (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

As to the first Section 1983 element, Plaintiff's allegations of harm resulting from his November 2021 surgery do not implicate his federal rights. *See*, *e.g.*, *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) ("[T]hat a [medical professional] has been negligent in diagnosing or treating a medical condition does not state a valid [constitutional] claim[.]"). Whether these allegations present issues of "'informed consent,' 'medical battery,' or 'medical malpractice'" under theories of negligence and/or intentional tort, they implicate state-law causes of action that must be determined by "look[ing] to Tennessee law." *Shuler v. Garrett*, 743 F.3d 170, 173 (6th Cir. 2014). As such, no constitutional or other federal right is at stake here.

As to the second element above, the only Defendants named as such in the Complaint and

alleged to have caused or contributed to Plaintiff's injuries are private actors associated with Vanderbilt Hospital. Plaintiff's surgery at that hospital predated his incarceration in the Davidson County Jail by several months; indeed, the only allegations concerning Plaintiff's incarceration involve the efforts of his Jail doctors to attend to his medical needs by diagnosing the cause of his post-surgical hip and leg pain. (Doc. No. 1 at 14.) Because the earlier actions of the private physician and hospital administrator named as Defendants here cannot be fairly attributed to the state, those Defendants are not state actors subject to suit under Section 1983. *Carl*, 763 F.3d at 595.

In sum, the Complaint fails to state a claim upon which relief can be granted and must therefore be dismissed.

### III. CONCLUSION

For the above reasons, Plaintiff's IFP application (Doc. No. 2) is **GRANTED**, the $350 filing fee is **ASSESSED** against his inmate trust account, and this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted.

The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. Because it denies all relief, the Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE